UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>　　　　v.<br><br>DAN YING GAO,<br>　　　　　　　　　*Defendant.* | **Protective Order**<br><br>**21 Cr. 42 (JMF)** |

　　　Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

　　　1. **Sensitive Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that (i) affects the privacy, confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

2. Sensitive disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any sensitive disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any sensitive disclosure material to the media or any third party except as set forth below.

3. Sensitive disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action, including third-party vendors;

(b) Prospective witnesses for purposes of defending this action;

(c) Any other individuals mutually agreed upon by the Government and the defense;

(d) Such other persons as hereafter may be authorized by the Court.

4. The Government may authorize, in writing, disclosure of the sensitive disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any sensitive disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6. Except for sensitive disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all sensitive disclosure material, including the seized ESI disclosure material, within 30 days of the expiration

of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If sensitive disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

7. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed sensitive disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

8. This Order places no restriction on a defendant's use or disclosure of ESI that was previously within the defendant's custody, control, or possession or material that comes into the defendant's custody, control, or possession through means other than production by the Government.

**Retention of Jurisdiction**

9. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    AUDREY STRAUSS
    United States Attorney

by: _____          Date: __2/10/21_____
    Cecilia Vogel
    Thomas Wright
    Assistant United States Attorneys

_David S. Greenfield_

David Greenfield
Counsel for Dan Ying Gao

Date: 2/10/2021

SO ORDERED:

Dated: New York, New York
February 10, 2021

_____
HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

4